UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKIN ET AL.,

    Plaintiffs,

v.

BLOOMIN' BRANDS, INC., ET AL.,

    Defendants.

_____/

Case No. 17-cv-13088

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

# **OPINION AND ORDER DENYING IN PART DEFENDANT GALLAGHER BASSET SERVICES, INC.'S MOTION TO DISMISS FOR PROMISSORY ESTOPPEL AND GRANTING IN PART FOR EQUITABLE ESTOPPEL [#14]**

## **I. INTRODUCTION**

Pending before the Court is Defendant Gallagher Bassett Services, Inc.'s (Gallagher) Motion to Dismiss. Defendant argues that this Court should dismiss it from the present action. After review of the briefing, the Court concludes that oral argument will not aid in the resolution of the present motion. Accordingly, the Court will resolve Defendant's motion on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the reasons discussed below, this Court will deny Defendant's Motion to Dismiss Plaintiff's claim of promissory estoppel against it. This Court will grant Defendant's Motion to Dismiss Plaintiff's claim of equitable estoppel.

-1-

## II. FACTUAL BACKGROUND

This action arises from a slip and fall incident that occurred on March 15, 2016 at Flemings Steak House (Flemings). Dkt. No. 1, pg. 3 (Pg. ID 3). On this date, Plaintiff Cecilia Lakin was dining with her husband, Plaintiff Sanford Lakin, and a friend at Flemings Prime Steakhouse. *Id.* Mrs. Lakin asked for directions to the bathroom, and a hostess led her there. *Id.* at pg. 4 (Pg. ID 4). On the way to the bathroom, Mrs. Lakin fell on what Mr. Lakin later identified as spilled water on the ground. *Id.* at pg. 4, 6 (Pg. ID 4, 6). Mrs. Lakin sustained various back, hip, and buttock injuries that she alleges resulted from the slip and fall. *Id.* at pg. 6 (Pg. ID 6).

On March 16, 2016, Mr. Lakin received a phone call from Latonya Joplin, who identified herself as a liability claims agent with Gallagher Bassett Services, Inc. *Id.* at pg. 15 (Pg. ID 15). Gallagher Bassett was handling the incident for Bloomin' Brands, Inc. Dkt. No. 1, pg. 17 (Pg. ID 183). Bloomin' Brands, Inc. is the parent corporation of Flemings Steak House. That same day, Ms. Joplin emailed Mr. Lakin, stating that she would be handling the investigation of the incident for Flemings Steakhouse. Dkt. No. 7-1, pg. 1 (Pg. ID 47). On March 28, 2016, she emailed Mr. Lakin, stating, "We are going to pay for related and reasonable medical costs along with pain and suffering to you and Mrs. Lakin." Dkt. No. 7-2, pg. 1 (Pg. ID 48). This was the last time Ms. Joplin communicated

with Mr. Lakin. On March 29, Mr. Lakin wrote Ms. Joplin. Dkt. No. 7-3. His letter stated, in part, "I take it by your statement . . . that you acknowledge liability on behalf of Fleming's . . . ." *Id.* at pg. 1 (Pg. ID 49). He also provided information needed in order to give proper notice to the Medicare authority as previously requested by Ms. Joplin. *Id.* The Lakin's case was then transferred to another Gallagher Bassett employee, Kenneth Ligotti, on an interim basis in November 2016. *See* Dkt. No. 1, pg. 17 (Pg. ID 17). On the phone, Mr. Ligotti told Mr. Lakin that Gallagher was acting on behalf of Bloomin' Brands, Inc., and that Gallagher was insured up to 1.5 million dollars. *Id.* Mr. Ligotti also told Mr. Lakin that settlement should be postponed until Mrs. Lakin completed all of her medical treatment. *Id.* On February 21, 2017, Mr. Ligotti wrote an email to a representative of Mrs. Lakin's physical therapist that Bloomin' Brands, Inc. was not accepting liability for the slip and fall incident. Dkt. No. 7-5, pg. 2 (Pg. ID 53).

On September 20, 2017, Plaintiffs filed the present complaint against several defendants. Dkt. No. 1. In count four of their complaint, Plaintiffs allege that Defendant is liable to them under promissory estoppel. Dkt. No. 1, pg. 14 (Pg. ID 14). Defendant filed its Motion to Dismiss on November 17, 2017. Dkt. No. 14. On December 7, 2017, Plaintiffs opposed the Motion. Dkt. No. 16. Defendant

replied on December 19, 2017. Dkt. No. 17. Plaintiffs filed a sur-reply on December 28, 2017. Dkt. No. 21.[1]

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss. The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

---

[1] The local rules of this Court do not authorize the filing of a sur-reply without seeking leave of court. *See* E.D. Mich. LR 7.1(d) Plaintiffs did not seek leave of court before they filed their sur-reply. Therefore, this Court will not consider Plaintiffs' sur-reply.

## IV. DISCUSSION

1) **<u>Promissory Estoppel</u>**

The Court must determine if Plaintiffs' complaint alleges enough facts plausible to support a claim of promissory estoppel against Defendant Gallagher Basset Services, Inc. There are four elements required to succeed on a claim of promissory estoppel in Michigan. The elements are: (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance, and (4) the promise must be enforced to avoid injustice. *Ardt v. Titan Ins. Co.*, 593 N.W.2d 215, 219 (Mich. Ct. App. 1999).

*Element One*

A promise under promissory estoppel is "a manifestation of intention to act . . . in a specified way, so made as to justify a promisee in understanding that a commitment has been made." *See First Sec. Sav. Bank v. Aitken*, 573 N.W.2d 307, 317 (Mich. Ct. App. 1997) (overruled on other grounds by *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28 (1999)). The promise must be clear and definite. *Id.* at 316. In *Schmidt v. Bretzlaff*, the Michigan Court of Appeals held that there was not a sufficient promise to support recovery under promissory estoppel. 528 N.W.2d 760, 762 (Mich. Ct. App. 1995). In this case, a court awarded the plaintiff a writ of

execution against the defendants. *Id.* at 761. A circuit court then quashed the writ of execution under the theory of promissory estoppel. *Id.* The Michigan Court of Appeals held that the plaintiff's acts of showing a defendant a large sum of money, stating that he would not do anything to hurt defendants, and the parties' plans to run a business together did not constitute a promise to refrain from enforcing the writ of execution. *Id.* at 762. The court noted that "[i]f defendants were told that the judgment would not be enforced, then the first element of promissory estoppel would be satisfied." *Id.*

Here, the first element of promissory estoppel has been satisfied. Ms. Joplin, an employee of Gallagher Basset, emailed the Plaintiffs a plain and unambiguous statement that Gallagher would be paying Mrs. Lakin's medical costs. Dkt. No. 7-2, pg. 1 (Pg. ID 46). Her March 28, 2016 email stated, "[w]e are going to pay for related and reasonable medical costs along with pain and suffering to you and Mrs. Lakin." *Id.* Unlike the defendants in *Schmidt v. Bretzlaff* who did not receive a clear statement, Gallagher told the Plaintiffs that it would pay them. The Court holds that the email statement made by Mrs. Joplin is enough to make it plausible that there was a promise by Gallagher to pay the Plaintiffs.

*Element Two*

The second element of promissory estoppel requires that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee.

The Michigan Court of Appeals held that the statement of an employer that an employee would be "taken care of" could not have reasonably created a promise of continued, indefinite employment. *See Marrero v. McDonnell Douglas Capital Corp.*, 505 N.W.2d 275, 278 (Mich. Ct. App. 1993).

This Court has previously held that statements of a company stating that it was "in for the long haul" and guaranteeing performance were sufficient to meet element two. *Ypsilanti Cmty. Utils. Auth. V. Meadwestvaco Air Sys., LLC*, 678 F. Supp. 2d 553, 561, 575 (E.D. Mich. 2009). In *Meadwestvaco*, the parties entered into a project to install an air purification system. *Id.* at 556. When the plaintiff asked the defendants about their commitment to the project, the defendants gave assurances that they would see the project through, as stated above. *Id.* at 561. This Court held that due to the nature, number, and quality of the representations by defendant, a claim of promissory estoppel could survive a motion for summary judgment. *Id.* at 575.

Here, the representations of Ms. Joplin and Mr. Ligotti are enough to be expected to reasonably induce action on the part of the Plaintiffs to not bring suit. Ms. Joplin's definitive statement that Gallagher would pay is more than the ambiguous statement in *Garrero*. The representations made by Joplin and Ligotti are more close to those made in *Meadwestvaco*. Both Ms. Joplin and Mr. Ligotti work(ed) for Gallagher and stated that they were representing Fleming in the slip and fall incident. They both also made assertions that made it appear as if Gallagher would be paying for Mrs. Lakin's medical bills without controversy. Ms. Joplin's March 28, 2016 plain and clear email statement made Plaintiffs believe that Gallagher would pay Mrs. Lakin's medical bills. After that, Mr. Lakin's conversation with Mr. Ligotti continued to make Plaintiffs believe that Gallagher would eventually pay for Mrs. Lakin's recovery. The continued relationship and communications that Gallagher's employees had with Plaintiffs, on behalf of Gallagher, was enough to reasonably induce action. In fact, Mr. Lakin emailed Ms. Joplin on April 11, 2016, and stated that he was forgoing litigation because Gallagher appeared to be accepting liability. *See* Dkt. No. 7-4, pg. 1 (Pg. ID 51). Therefore, Defendant should have known that its representations would reasonably induce Plaintiffs to withhold litigation. This Court holds that Plaintiffs' complaint alleges facts sufficient to meet the second element of a promissory estoppel claim.

*Element Three*

The next element of promissory estoppel is that the promise actually induced reliance or forbearance. In their complaint, Plaintiffs claim that Defendant's promise to pay Mrs. Lakin's medical expenses induced them to forgo litigation. Dkt. No. 1, pg. 15 (Pg. ID 15).

It is undisputed that Plaintiffs communicated with representatives from Gallagher for eleven months before Gallagher stated it was not accepting liability. Dkt. No. 1, pg. 15–17 (Pg. ID 15–17); Dkt. No. 14, pg. 20 (Pg. ID 115). From March 2016 to February 2017, Plaintiffs believed that a lawsuit was unnecessary because Flemings was accepting liability for Mrs. Lakin's slip and fall. Plaintiffs therefore lost time to interview witnesses and gather other evidence necessary for litigation. After Mr. Ligotti's February 2017 email, Plaintiffs instituted an action in September 2017. Although Plaintiffs waited seven months to file the present action, they still lost the first eleven months immediately after the incident occurred to commence litigation. Therefore, this Court holds that Plaintiffs' complaint alleges facts sufficient to meet element three of promissory estoppel.

*Element Four*

The last element of promissory estoppel is that the promise must be enforced in order to avoid injustice. Defendant claims "a delay in bringing claims which have

not been shown to be meritorious cannot constitute harm or injustice for the purposes of the promissory estoppel doctrine." *Essroc Cement Corp. v. CPRIN, Inc.*, No. 1:08-cv-974, 2009 WL 2033052, at *16 (W.D. Mich. July 9, 2009). Therefore, Plaintiffs' complaint cannot satisfy element four. However, the court in *Essroc* held that the Plaintiff had not shown any likelihood of success on the merits of its claims. *Id.* This Court has not found that Plaintiffs' promissory estoppel claim is completely devoid of merit.

As stated earlier, the actions of Defendant plausibly induced Plaintiffs into forgoing litigation of a potentially viable lawsuit for at least eleven months. The time that Plaintiffs lost was nearly one year. This was the time immediately after Mrs. Lakin's slip and fall, when the incident was likely the easiest to remember for the purpose of gathering evidence. This wait of nearly one year plausibly cost Plaintiffs the ability to gather as much or as reliable of evidence as they could have. Therefore, the time that the Plaintiffs lost is reasonably irreplaceable. This makes it plausible that justice can only be avoided by the enforcement of Gallagher's representations to Plaintiffs. In conclusion, this Court holds that Plaintiffs have pled facts sufficient to support element four of promissory estoppel.

### a) Statute of Frauds

Defendant states that the Statute of Frauds precludes Plaintiffs' claim. Dkt. No. 14, pg. 22 (Pg. ID 117). However, Michigan courts have established that promissory estoppel is a defense to the Statute of Frauds. *See Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66, 71 (Mich. Ct. App. 2000) ("[t]his [c]ourt has held . . . promissory estoppel can bar application of the statute of frauds."). Further, Plaintiffs do not assert there was a valid contract. Plaintiffs only assert a Statute of Frauds claim. Therefore, the Court holds that this argument is immaterial.

### b) Recognition of Promissory Estoppel As a Claim

Defendant argues that this Court should not accept promissory estoppel as a viable claim. Dkt. No. 17, pg. 4 (Pg. ID 191). Defendant then cites unpublished Michigan Court of Appeals cases that question the doctrine. *See N. Am. Brokers, LLC v. Howell Pub. Sch.*, No. 330126, 2017 WL 535555, at *2 (Mich. Ct. App. Feb. 9, 2017); *McMahon Helicopter Servs., Inc. v. Mid-West Dev., LLC*, No. 269982, 2007 WL, at *5 (Mich. Ct. App. 2007). It is true that Michigan courts cautiously apply the doctrine of promissory estoppel. *Marrero*, 505 N.W.2d at 278. However, the motion to dismiss stage is not the appropriate time to assert this issue. As *Howell* and *McMahon* illustrate, the issue of the validity of promissory estoppel is at least undecided by Michigan courts. The purpose of a motion to

dismiss is to determine if a plaintiff has sufficiently pled a plausible claim. The purpose is not to assess the legitimacy of a doctrine that the Michigan courts have not resolved the validity of. Therefore, this Court holds that this argument is without merit at this stage.

## 2) **Equitable Estoppel**

Plaintiffs argue that they are entitled to relief under a theory of equitable estoppel. Dkt. No. 1, pg. 19 (Pg. ID 19). Defendant argues that equitable estoppel is only available as a defense, and cannot be pleaded as a claim. Dkt. No. 14, pg. 24 (Pg. ID 119).

It is well established in Michigan courts that equitable estoppel is only available as a defense. *See, e.g.*, *See First Sec. Sav. Bank v. Aitken*, 573 N.W.2d 307, 316 (Mich. Ct. App. 1997) (overruled on other grounds by *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28 (1999)) (holding that "[e]quitable estoppel, however, is a doctrine, not a cause of action that would entitle a plaintiff to damages, although it may assist a plaintiff in support of its primary claim."); *Marrero v. McDonnell Douglas Capital Corp.*, 505 N.W.2d 275, 279 (Mich. Ct. App. 1993) (stating "[e]quitable estoppel is usually invoked as a defense; it is not a cause of action in itself and provides no remedy such as damages."); *Hoye v. Westfield Ins. Co.*, 487 N.W.2d 838, 842 (Mich. Ct. App. 1992) (holding "[i]t has been held that 'the major

distinction between equitable estoppel and promissory estoppel is that equitable estoppel is available only as a defense, while promissory estoppel can be used as a cause of action for damages.'"). This Court has also previously dismissed causes of action for equitable estoppel. *See Petruccello v. Teleflex Auto. Grp., a Div. of Teleflex Inc.*, No. 05-74454, 2006 WL 1007532, at *6 (E.D. Mich. Apr. 17, 2006) (finding that "[p]laintiff's claim for equitable estoppel is frivolous. Both Defendant and Plaintiff cite cases where Michigan courts clearly preclude equitable estoppel as a cause of action.").

This Court holds that equitable estoppel is only available as a defense. Therefore, this Court dismisses Plaintiffs' claim of equitable estoppel against Defendant.

## V. CONCLUSION

For the reasons discussed herein, the Court will deny Defendant Gallagher Basset Services, Inc.'s Motion to Dismiss on promissory estoppel grounds. The Court will grant Defendant's Motion on equitable estoppel grounds. The motion hearing scheduled for January 22, 2018 is cancelled, but the scheduling conference scheduled for this date is not cancelled. This Court also orders Defendant Gallagher Basset Services, Inc. to file an answer to Plaintiffs' complaint within seven days of the issuance of this Opinion and Order.

SO ORDERED.

Dated: January 19, 2018

                                                              <u>s/Gershwin A. Drain</u>  
                                                              HON. GERSHWIN A. DRAIN  
                                                              United States District Court Judge