UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKIN ET AL.,

Plaintiffs,

v.

BLOOMIN' BRANDS, INC., ET AL.,

Defendants.

Case No. 17-cv-13088

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

# OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES [#20]

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Strike Affirmative Defenses. Dkt. No. 20. Plaintiffs filed their complaint against Defendants on September 20, 2017. Dkt. No. 1. On October 20, 2017, Defendants Bloomin' Brands, Inc. and OSI/Flemings, LLC filed an answer to the complaint asserting affirmative defenses. Dkt. No. 8. On December 20, 2017, Plaintiffs filed a Motion to Strike Affirmative Defenses in Defendants' answer. Dkt. No. 20. Defendants opposed the Motion on January 15, 2018. Dkt. No. 25.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) governs motions to strike. Under the rule, courts may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit holds that striking a pleading is a "drastic remedy" that should only occur "when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Anderson v. U.S.*, 39 Fed. App'x 132, 135 (6th Cir. 2002); *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015).

## IV. DISCUSSION

Plaintiffs argue that Defendants' affirmative defenses 16, 17, 18, 20, and 22 have no bearing on this case. Dkt. No. 20, pg. 2 (Pg. ID 290). They also argue that affirmative defenses 4, 7, 13, 14, 15, 20, 22, and 24 are conclusory in nature, so the Court should strike them. *Id.* Defendants state that the parties have not engaged in substantial discovery, so it is impractical to add more factual allegations to their affirmative defenses. Dkt. No. 25, pg. 11 (Pg. ID 368).

This Court will strike affirmative defenses 7, 15, 16, 17, 18, 20, 22, and 24. These defenses are:

7. The jurisdiction and venue is improperly and inconveniently laid.

> 15. Plaintiffs' claims are barred by the doctrine of laches.
> 16. Plaintiffs' claims are barred as it abandoned any claim.
> 17. Plaintiffs are barred in whole or in part by any applicable provisions of contract.
> 18. Plaintiffs' claims are barred by acceptance of services and termination of contract.
> 20. Plaintiffs' Complaint is barred by the applicable statute of frauds.
> 22. Plaintiffs' claim is barred by the applicable statute of limitations.
> 24. The Plaintiffs' claims are barred by res judicata and estoppel.

Dkt. No. 8, pg. 28–30 (Pg. ID 81–83).

Jurisdiction and venue are proper in this Court, and Plaintiffs did not unduly delay bringing their claim. Nor did Plaintiffs abandon any claim. The complaint in this case also does not involve a contract; it is a slip and fall case. Regarding Plaintiffs' allegation that Defendants did not fulfill certain representations, their claim of promissory estoppel is an exception to the statute of frauds. Plaintiffs' claims are also within the three-year statute of limitations for personal injury claims. Mich. Comp. Laws. § 600.5805(10) (2013). Lastly, res judicata and collateral estoppel do not bar Plaintiffs' claims because Plaintiffs' have not previously initiated suit regarding Mrs. Lakin's slip and fall. In conclusion, the Court holds that affirmative defenses 7, 15, 16, 17, 18, 20, 22, and 24 are immaterial to this case. The Court will strike these affirmative defenses.

This Court will not strike affirmative defenses 4, 13, and 24. These defenses are:

> 4. Plaintiffs' claim is barred by the "open and obvious" doctrine.
> 13. Plaintiffs' claims are barred by the doctrine of waiver.

14. Plaintiffs' claims are barred by the doctrine of estoppel.

Dkt. No. 8, pg. 28–29 (Pg. ID 81–82).

On their face, these claims are not immaterial to the present case. Therefore, this Court will allow Defendants the opportunity to engage in meaningful discovery regarding these claims.

## V. Conclusion

For the reasons discussed herein, the Court will grant in part and deny in part Plaintiffs' Motion to Strike Affirmative Defenses. This Court will strike affirmative defenses 7, 15, 16, 17, 18, 20, 22, and 24. This Court will not strike affirmative defenses 4, 13, and 24.

SO ORDERED.


Dated:	January 23, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 23, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovernsm
Deputy Clerk

4