UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKIN ET AL.,

Plaintiffs,

v.

BLOOMIN' BRANDS, INC., ET AL.,

Defendants.

_____/

Case No. 17-cv-13088

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

# AMENDED OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES OF GALLAGHER BASSET SERVICES [#47]

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Strike Affirmative Defenses of Gallagher Basset Services. Dkt. No. 47. Plaintiffs filed their complaint against Defendants on September 20, 2017. Dkt. No. 1. On February 1, 2018, Defendant Gallagher Basset Services, Inc., filed an answer to the complaint asserting affirmative defenses. Dkt. No. 42. On February 14, 2018, Plaintiffs filed a Motion to Strike Affirmative Defenses. Dkt. No. 47. Defendant responded to the Motion on February 28, 2018. Dkt. No. 48. Plaintiffs filed their reply on March 14, 2018. Dkt. No. 51.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) governs motions to strike. Under the rule, courts may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit holds that striking a pleading is a "drastic remedy" that should only occur "when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Anderson v. U.S.*, 39 Fed. App'x 132, 135 (6th Cir. 2002); *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015).

## IV. DISCUSSION

Plaintiffs move to strike all of Defendant's affirmative defenses. This Court will strike affirmative defenses 1, 3, 12, and 13. These defenses are:

> 1. Plaintiffs' Complaint fails to state a claim against GBS upon which relief can be granted.
> 3. Discovery may disclose that Plaintiffs failed to join necessary one or more necessary parties responsible in whole or in part for Plaintiffs' alleged damages.
> 12. There is no privity of contract between Plaintiffs and GBS, and thus there can be no claim against GBS for breach of contract.
> 13. There was no enforceable contract between Plaintiffs and GBS. There was no bargained for exchange, no consideration, and no offer and acceptance.

Dkt. No. 42, pg. 6–8 (Pg. ID 559–61).

On January 19, 2018, this Court ruled that Plaintiff's complaint against Gallagher was sufficient to survive Defendant's motion to dismiss. Dkt. No. 31. Therefore, Plaintiff's complaint does state a claim upon which relief can be granted. Defendant also agreed and withdrew affirmative defense 1. Dkt. No. 48, pg. 15 (Pg. ID 635). Defendant also withdrew its affirmative defense 3. *Id.* The Court will also strike affirmative defenses 12 and 13. The complaint in this case does not involve a contract; it is a slip and fall case. Plaintiffs do not allege that there was a valid contract between themselves and Defendant. Therefore, affirmative defenses 12 and 13 are immaterial.

In conclusion, the Court holds that affirmative defenses 1, 12, and 13 are immaterial to this case, and defendant voluntarily withdrew affirmative defense 3. The Court will strike these affirmative defenses.

This Court will not strike affirmative defenses 2, 4, 5–11, 14–17, and Defendant's Reservation. These defenses are:

> 2. Plaintiffs failed to mitigate their damages.
> 4. Discovery may disclose that a non-party is wholly or partly at fault for Plaintiffs' alleged damages pursuant to MCR 2.112(K).
> 5. Ms. Joplin's statements were not promises and cannot form the basis of a promissory estoppel claim.
> 6. Ms. Joplin was not acting with apparent authority in communicating with Mr. and Mrs. Lakin, and GBS is not bound by her statements.
> 7. There has been no detrimental reliance by Plaintiffs and therefore cannot form the basis of a promissory estoppel claim.
> 8. If, as alleged, Plaintiffs took any action or omitted to take any action based on statements attributable to GBS, such reliance was unreasonable and cannot form the basis of a promissory estoppel claim.

> 9. Neither Ms. Joplin nor Gallagher Bassett could have reasonably expected that that any statements made would induce definite and substantial actions by Plaintiffs, and therefore the actions of Ms. Joplin cannot form the basis of a promissory estoppel claim.
> 10. The circumstances are not such that statements made by Ms. Joplin must be enforced to avoid injustice, and therefore cannot form the basis of a promissory estoppel claim.
> 11. Any third-party beneficiary claim is barred by Michigan law.
> 14. No action or inaction of GBS or its employees was a proximate cause of Plaintiffs' alleged injuries or damages.
> 15. Plaintiffs were the sole cause of the damages alleged in the Complaint.
> 16. Each Plaintiff was negligent and comparatively negligent, and that negligent was a cause of the injuries and damages alleged in the Complaint.
> 17. Plaintiff had the duty to avoid her injuries because the danger was open and obvious.
> **Reservation:** GBS may rely upon additional defenses that may become known to it through the course of discovery in this matter and hereby reserves the right to amend this Answer to include the same.

Dkt. No. 47, pg. 6–8 (Pg. ID 546–48).

Affirmative defense 2 presents a valid argument. Moreover, Defendants Bloomin' Brands, Inc. and OSI/Flemings, LLC asserted the same affirmative defense in their answer and Plaintiffs did not object to it. Affirmative defense 4 relies on Michigan Court Rule 2.112(K). The Eastern District of Michigan and other federal courts have enforced this rule in diversity cases. *Smith v. Norfolk S. Co.*, No. 14-CV-10426, 2014 WL 2615278, at *2 (E.D. Mich. June 12, 2014). The present case is based on diversity. Therefore, the Court will allow affirmative defense 4. Affirmative defenses 5–10 relate to Plaintiffs' promissory estoppel claim. Plaintiff argues that because this Court denied Defendant's motion to

dismiss under promissory estoppel, Defendant cannot assert these defenses. Dkt. No. 47, pg. 2–3 (Pg. ID 582–830). However, this Court only held that Plaintiffs sufficiently pled their promissory estoppel claim, so it is a plausible claim. The Court did not determine how a reasonable fact finder should judge the claim. The promissory estoppel claim is plausible; but Defendant can still argue that it is not a strong enough claim to warrant an award of damages. Therefore, affirmative defenses 5–10 are valid. Affirmative defense 11 is valid on its face. Plaintiffs do not allege that they had a contract with Defendant. However, a third party beneficiary claim in this case would involve a contract between Defendant and Prime Steakhouse, with Plaintiffs as the intended beneficiary to the contract. This properly describes the present case such that affirmative defense 11 is relevant. Plaintiff argues that affirmative defenses 14–17 are irrelevant because this Court denied Defendant's motion to dismiss Plaintiff's promissory estoppel claim. Dkt. No. 47, pg. 3–4 (Pg. ID 583– 84). As stated above, this Court only held that Plaintiffs have a plausible promissory estoppel claim. Defendant can properly plead these defenses because the fact finder must decide if the claim deserves an award of damages. Lastly, the Court will not strike Defendant's Reservation. The Eastern District of Michigan has previously upheld reservations made in a defendant's answer. *See Int'l Outdoor, Inc. v. City of Southgate*, No. 2:11-CV-

14719, 2012 WL 236160, at *5 n.8 (E.D. Mich. Apr. 26, 2012). Therefore, this Court will similarly allow such a reservation.

In conclusion, the Court will not strike affirmative defenses 2, 4, 5–11, 14–17, and Defendant's Reservation because they are valid and relevant claims.

### V. Conclusion

For the reasons discussed herein, the Court will grant in part and deny in part Plaintiffs' Motion to Strike Affirmative Defenses of Gallagher Basset Services. This Court will strike affirmative defenses 1, 3, 12, and 13. This Court will not strike affirmative defenses 2, 4, 5–11, 14–17, and Defendant's Reservation.

SO ORDERED.

Dated:     March 19, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge
