UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKIN ET AL.,

    Plaintiffs,

v.

BLOOMIN' BRANDS, INC., ET AL.,

    Defendants.

_____/

Case No. 17-cv-13088

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

# OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [#49]

## I. INTRODUCTION

Pending before the Court is Plaintiffs Cecilia and Sanford Lakin's Motion for Partial Summary Judgment. Dkt. No. 49. Plaintiffs move for partial summary judgment on Count IV of their complaint, which alleges Defendants are liable under the theory of promissory estoppel. For the reasons discussed below, this Court will deny Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

This action arises from a slip and fall incident that occurred on March 15, 2016 at Flemings Steak House (Flemings). Dkt. No. 1, pg. 3 (Pg. ID 3). On this

date, Plaintiff Cecilia Lakin was dining with her husband, Plaintiff Sanford Lakin, and a friend at Flemings Prime Steakhouse. *Id.* Mrs. Lakin asked for directions to the bathroom, and a hostess led her there. *Id.* at pg. 4 (Pg. ID 4). On the way to the bathroom, Mrs. Lakin fell on what Mr. Lakin later identified as spilled water on the ground. *Id.* at pg. 4, 6 (Pg. ID 4, 6). Mrs. Lakin sustained various back, hip, and buttock injuries that she alleges resulted from the slip and fall. *Id.* at pg. 6 (Pg. ID 6).

On March 16, 2016, Mr. Lakin received a phone call from Latonya Joplin, who identified herself as a liability claims agent with Gallagher Bassett Services, Inc. *Id.* at pg. 15 (Pg. ID 15). Gallagher Bassett was handling the incident for Bloomin' Brands, Inc. Dkt. No. 1, pg. 17 (Pg. ID 183). Bloomin' Brands, Inc. is the parent corporation of Flemings Steak House. That same day, Ms. Joplin emailed Mr. Lakin, stating that she would be handling the investigation of the incident for Flemings Steakhouse. Dkt. No. 7-1, pg. 1 (Pg. ID 47). On March 28, 2016, she emailed Mr. Lakin, stating, "We are going to pay for related and reasonable medical costs along with pain and suffering to you and Mrs. Lakin." Dkt. No. 7-2, pg. 1 (Pg. ID 48). This was the last time Ms. Joplin communicated with Mr. Lakin. On March 29, Mr. Lakin wrote Ms. Joplin. Dkt. No. 7-3. His letter stated, in part, "I take it by your statement . . . that you acknowledge liability on behalf of Fleming's . . . ." *Id.* at pg. 1 (Pg. ID 49). He also provided information

needed in order to give proper notice to the Medicare authority as previously requested by Ms. Joplin. *Id.* The Lakin's case was then transferred to another Gallagher Bassett employee, Kenneth Ligotti, on an interim basis in November 2016. *See* Dkt. No. 1, pg. 17 (Pg. ID 17). On the phone, Mr. Ligotti told Mr. Lakin that Gallagher was acting on behalf of Bloomin' Brands, Inc., and that Gallagher was insured up to 1.5 million dollars. *Id.* Mr. Ligotti also told Mr. Lakin that settlement should be postponed until Mrs. Lakin completed all of her medical treatment. *Id.* On February 21, 2017, Mr. Ligotti wrote an email to a representative of Mrs. Lakin's physical therapist that Bloomin' Brands, Inc. was not accepting liability for the slip and fall incident. Dkt. No. 7-5, pg. 2 (Pg. ID 53).

On September 20, 2017, Plaintiffs filed their complaint against several defendants. Dkt. No. 1. In count four of their complaint, Plaintiffs alleged that Defendants are liable to them under promissory estoppel. Dkt. No. 1, pg. 14 (Pg. ID 14). Defendant Gallagher Basset Services, Inc. filed its Motion to Dismiss on November 17, 2017. Dkt. No. 14. On January 8, 2018, Bloomin' Brands, Inc. and OSI/Flemings, LLC filed a Motion of Partial Dismissal to dismiss count four of Plaintiffs' complaint. Dkt. No. 24. On January 19 and January 23, 2018, this Court denied both Motions. Dkt. Nos. 31, 34. On March 5, 2018, Plaintiffs filed the present Motion for Partial Summary Judgment. Dkt. No. 49. Defendants filed their

responses opposing the Motion on March 26, 2018. Dkt. Nos. 54, 55. Plaintiffs filed their replies to both responses on April 3, 2018. Dkt. Nos. 57, 58.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment. The Rule states, "summary judgment shall be granted if 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). "All factual inferences 'must be viewed in the light most favorable to the party opposing the motion.'" *Id.* (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### IV. DISCUSSION

Plaintiffs allege that they are entitled to summary judgment on the issue of promissory estoppel liability. Dkt. No. 49. Plaintiffs assert that this Court made "findings and determinations" that "are binding upon the parties for purposes of

this motion." *Id.* at pg. 15 (Pg. ID 693). Further, Plaintiffs allege that the factual assertions in Mr. Lakin's affidavit parallel the requisite factual elements to prove promissory estoppel liability. *See* Dkt. No. 58, pg. 3 (Pg. ID 904).

There are four elements required to succeed on a claim of promissory estoppel in Michigan. The elements are: (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance, and (4) the promise must be enforced to avoid injustice. *Ardt v. Titan Ins. Co.*, 593 N.W.2d 215, 219 (Mich. Ct. App. 1999). To support their position, Plaintiffs rely heavily on this Court's previous denials of Defendants' Motions to Dismiss, as well as Mr. Lakin's affidavit. However, in its previous orders, this Court has only ruled that Plaintiffs' promissory estoppel claim is plausible. This Court has not held that there are no genuine issues of fact regarding promissory estoppel liability. Mr. Lakin's affidavit is also insufficient to support a grant of partial summary judgment at this stage. Although the affidavit lends support to Plaintiffs' position, it does not resolve genuine disputes of fact that still exist, as detailed in Defendants' responses. None of the parties in this matter have conducted or submitted depositions in this matter. The only sworn statement is the affidavit submitted by Mr. Lakin. Discovery does not close until October 22, 2018—leaving five months of discovery still open. Dkt. No. 32, pg. 1 (Pg. ID 521). Therefore, it is

necessary that the parties gather considerably more evidence to support any dispositive motions. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (noting that it is well established that there must be "a full opportunity to conduct discovery" in order to successfully defeat a motion for summary judgment). This Court concludes that there is not enough evidence to support Plaintiffs' Motion. Further, granting dispositive motions at this stage is premature.

## V. CONCLUSION

For the reasons discussed herein, the Court will deny Plaintiffs' Motion.

SO ORDERED.


Dated:   May 17, 2018

                                        s/Gershwin A. Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge