UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>AKIN ET AL</small>.,

 Plaintiffs,

v.

B<small>LOOMIN'</small> B<small>RANDS</small>, I<small>NC</small>., <small>ET AL</small>.,

 Defendants.

_____/

Case No. 17-cv-13088

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

## **OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' BLOOMIN' BRANDS, INC. AND OSI/FLEMINGS, LLC'S MOTION FOR SUMMARY JUDGMENT [#153]**

### **I. I**NTRODUCTION

Pending before the Court are Motions for Summary Judgment filed by Defendants Bloomin' Brands, Inc. ("Bloomin' Brands") and OSI/Flemings, LLC ("Flemings"), Gallagher Bassett Services, Inc. ("Gallagher"), and LaTonya Joplin. Dkt. Nos. 153, 155, 157. For the reasons discussed below, this Court will grant in part and deny in part Defendants' Bloomin' Brands and Flemings's Motion. The Court will deny summary judgment on Plaintiffs' negligence and premises liability claims. The Court will grant summary judgment on Plaintiffs' loss of consortium claim. This Court will hold its decision on Plaintiffs' promissory estoppel claim so that the parties may continue settlement discussions on this claim. Therefore, this

-1-

Court will not consider Defendants Gallagher and Joplin's Motions for Summary Judgment at this time [Dkt. Nos. 155, 157].

## II. FACTUAL BACKGROUND

This action arises from a slip and fall incident that occurred on March 15, 2016 at Flemings Steak House. Dkt. No. 73-1, pg. 3 (Pg. ID 1272). On this date, Plaintiff Cecilia Lakin was dining with her husband, Plaintiff Sanford Lakin, and a friend at Flemings Prime Steakhouse. *Id.* Plaintiffs are both former personal injury attorneys. Mrs. Lakin asked for directions to the bathroom, and a hostess led her there. *Id.* at pg. 4 (Pg. ID 1273). On the way to the bathroom, Mrs. Lakin fell on what Mr. Lakin later identified as spilled water on the ground. *Id.* at pg. 4, 6 (Pg. ID 1273, 75). Mrs. Lakin sustained various back, hip, and buttock injuries that she alleges resulted from the slip and fall. *Id.* at pg. 6 (Pg. ID 1275).

On March 16, 2016, Mr. Lakin received a phone call from Latonya Joplin, who identified herself as a liability claims agent with Gallagher Bassett Services, Inc. *Id.* at pg. 15 (Pg. ID 1284). Gallagher Bassett was handling the incident for Bloomin' Brands, Inc. *Id.* at pg. 17 (Pg. ID 1286). Bloomin' Brands, Inc. is the parent corporation of Flemings Steak House. That same day, Ms. Joplin emailed Mr. Lakin, stating that she would be handling the investigation of the incident for Flemings Steakhouse. Dkt. No. 7-1, pg. 1 (Pg. ID 47). On March 28, 2016, she

emailed Mr. Lakin, stating, "We are going to pay for related and reasonable medical costs along with pain and suffering to you and Mrs. Lakin." Dkt. No. 155-10, pg. 1 (Pg. ID 3594). The email further stated, "I asked Mrs. Lakin to contact me because you stated that the information you were giving me was hearsay since you weren't with her; however, I can take the information provided to date and move forward." *Id.* Lastly, the email stated, "[w]e have a separate department that handles Medicare. As mentioned to you previously, they will be in contact with you. All other requests will be discussed at a later time, if necessary." *Id.* This was the last time Ms. Joplin communicated with Mr. Lakin. On March 25, Mr. Lakin wrote to Joplin and stated, "I have not heard from you. Are you interested in further communications?" *Id.*

On March 29, Mr. Lakin wrote Ms. Joplin. Dkt. No. 15511. His letter stated, in part, "I take it by your statement . . . that you acknowledge liability on behalf of Fleming's . . . ." *Id.* at pg. 1 (Pg. ID 3596). He also provided information needed in order to give proper notice to the Medicare authority as previously requested by Ms. Joplin. *Id.* The Lakin's case was then transferred to another Gallagher Bassett employee, Kenneth Ligotti, on an interim basis in November 2016. *See* Dkt. No. 73-1, pg. 17 (Pg. ID 1286). On the phone, Mr. Ligotti told Mr. Lakin that Gallagher was acting on behalf of Bloomin' Brands, Inc., and that Gallagher was insured up to 1.5 million dollars. *Id.* Mr. Ligotti also told Mr. Lakin that settlement

should be postponed until Mrs. Lakin completed all of her medical treatment. *Id.* On February 21, 2017, Mr. Ligotti wrote an email to a representative of Mrs. Lakin's physical therapist that Bloomin' Brands, Inc. was not accepting liability for the slip and fall incident. Dkt. No. 7-5, pg. 2 (Pg. ID 53).

On September 20, 2017, Plaintiffs filed their initial complaint against Bloomin' Brands, Flemings, and Gallagher. Dkt. No. 1. On November 7, 2017, Defendant Gallagher filed a motion to dismiss the counts of promissory estoppel and equitable estoppel that Plaintiffs brought against it. Dkt. No. 14. This Court denied Gallagher's motion to dismiss on promissory estoppel grounds but granted on equitable estoppel grounds on January 19, 2018. Dkt. No. 31. Defendants Bloomin' Brands and Flemings filed a similar motion to dismiss, which this Court also granted in part and denied in part. Dkt. No. 34.

On September 7, 2018, this Court granted Plaintiffs leave to file an amended complaint in order to add LaTonya Joplin as a defendant, but denied Plaintiffs' leave to add claims of intentional fraud and silent fraud. Dkt. No. 93. Plaintiffs filed their amended complaint on May 24, 2018. Dkt. No. 73. Bloomin' Brands and Flemings filed their Motion for Summary Judgment on January 17, 2019. Dkt. No. 153. Defendants Gallagher and Joplin filed their Motions for Summary Judgment on January 18, 2019. Dkt. No. 155, 157. Plaintiffs responded to Fleming's Motion on February 11, 2019 and responded to Gallagher and Joplin's

Motions on February 13, 2019. Dkt. No. 172, 173, 175. Fleming replied on February 20, 2019. Dkt. No. 178. Gallagher and Joplin filed a joint reply on February 27, 2019. Dkt. No. 181.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment. The Rule states, "summary judgment shall be granted if 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). "All factual inferences 'must be viewed in the light most favorable to the party opposing the motion.'" *Id.* (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

# IV. DISCUSSION

1. Promissory Estoppel

Plaintiffs' amended complaint brings a count of promissory estoppel against all of the Defendants. Dkt. No. 73-1, pg. 14 (Pg. ID 1283). Plaintiffs assert that Ms. Joplin's statements to Mr. Lakin constituted a promise to pay for Mrs. Lakin's medical statements, and Plaintiffs relied to their detriment on that promise. *Id.* Defendants assert that there was no promise that the Plaintiffs could have reasonably relied on. Dkt. No. 153, pg. 30 (Pg. ID 2948); Dkt. No. 155, pg. 15 (Pg. ID 3450); Dkt. No. 157, pg. 21 (pg. ID 3677). Plaintiffs further contend that the issue is moot because this Court declined to dismiss Plaintiffs' promissory estoppel count when Defendants brought their motions to dismiss. Dkt. Nos. 173, 175, pg. 13, 12 (Pg. ID 4053, 4396).

Plaintiffs and Defendants Bloomin' Brands and Ms. Joplin have informed this Court that they are in settlement negotiations regarding Plaintiffs' promissory estoppel claim. For this reason, the Court will not rule on this claim.

2. Premises Liability and Negligence as Separate Claims

Count I of Plaintiffs' amended complaint brings a count of negligence against Bloomin' Brands and Flemings. Dkt. No. 73-1, pg. 3 (Pg. ID 1272). The count states that Mrs. Lakin asked one of the hostesses at Flemings for directions to the

rest room. *Id.* at pg. 4 (Pg. ID 1273). One of the hostesses instructed Mrs. Lakin to follow her. *Id.* The hostess chose a path that was dimly lit and narrow, with high tables and chairs in the way. *Id.* Mrs. Lakin then fell when she was within a step behind the hostess. *Id.* After employees helped Mrs. Lakin up and she went to the bathroom, a hostess wiped up the liquid that Mrs. Lakin fell on. *Id.* at pg. 5 9Pg. ID 1274). The count alleges that the hostess should have selected a safer route to the rest room. *Id.* at pgs. 9–10 (Pg. ID 1278–79). Further, it alleges that Defendants were negligent in failing to properly train its employees of the legal necessity to preserve material evidence like the water that caused Plaintiffs' fall. *Id.* at pg. 10 (Pg. ID 1279).

Defendants argue that Plaintiffs' claim of negligence is only a claim of premises liability. Dkt. No. 153, pg. 24 (Pg. ID 2942). Therefore, this Court should dismiss Plaintiffs' negligence action. *Id.* Plaintiffs maintain that they can bring separate counts of negligence and premises liability. Dkt. No. 172, pg. 24 (Pg. ID 3992).

Premises liability actions allow separate claims that are grounded in an independent theory of liability based on a defendant's conduct. *Laier v. Kitchen*, 702 N.W.2d 199, 208 (Mich. Ct. App. 2005). In *Laier,* the plaintiff was the personal representative of the decedent. *Id.* at 199. Plaintiff brought a premises liability claim against the defendant for an accident that occurred on defendant's

farm, which killed the decedent. *Id.* at 204. Plaintiff also brought a negligence claim against the defendant for his failure to repair the machinery that killed the decedent. *Id.* at 208–09. The Michigan Court of Appeals allowed the plaintiff to bring both a premises liability and negligence claim. *Id.* The court reasoned that the negligence action was an additional theory of liability separate from that of premises liability. *Id.* at 209.

The Michigan Court of Appeals has also disallowed a separate negligence claim when a plaintiff also brought a premises liability claim. *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012). In *Buhalis*, the plaintiff slipped and fell on ice that was on a patio near the front entrance of a building that the defendant owned. *Id.* at 256–57. The plaintiff alleged that the defendant's employees caused the dangerous condition by not properly removing snow and placing salt on the ground. *See id.* at 257, 258. The court reasoned that the plaintiff's premises liability claim was not transformed into a claim of ordinary negligence just because she asserted that defendant's employees caused the dangerous condition. *Id.* at 258. The court further stated that "[i]f the plaintiff's injury ar[ises] from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury."

The Michigan Court of Appeals has allowed a general negligence claim along with a claim of premises liability where the defendant's employee escorted a plaintiff to the customer service lounge and she tripped and fell on liquid on the floor. *Pernell v. Suburban Motors Co., Inc.*, No 308731, 2013 WL 1748573, at * 5 (Mich. Ct. app. Apr. 23, 2013). The court reasoned that liability arose not because of the defendant's status as an invitor, but because the defendant escorted plaintiff to the customer service lounge. *Id.*

Similar to the court in *Pernell*, this Court concludes that Plaintiffs have adequately pled separate claims of negligence and premises liability. Plaintiffs' claim for premises liability is grounded in Defendant's failure to maintain the walkway such that there was no water spill on the floor. However, Plaintiffs' claim for negligence is grounded in the hostess's failure to properly escort Plaintiff to the restroom.

Defendants argue that this matter is more similar to the case of *England v. Meijer, Inc*. No. 322065, 2015 WL 6161735, at *5 (Mich. Ct. App. Oct. 20, 2015). In *England*, a customer spilled a bottle of liquid laundry detergent in one of defendant's checkout aisles. *Id.* at *1. Defendant's employees did not clean up the spill or put a sign out warning about the spill, and plaintiff slipped and fell in the detergent. *Id.* The *England* court reasoned that liability only arose from a condition on defendant's land—the detergent spill. *Id.* at *5. Therefore, the plaintiff could

not bring separate counts of premises liability and negligence. *Id.* This Court does not agree with Defendants. The plaintiff in *England* was not escorted to the area of the spill where she fell. Therefore, there could be no separate negligence claim. However, both the plaintiff in *Pernell* and Mrs. Lakin were escorted by an employee of the defendant to the area where they fell on spilled liquid. For these reasons, the Court finds that this case is more similar to *Pernell* than *England*. And like the court in *Pernell*, this court finds that the alleged deficiency in escorting Plaintiff gives rise to a separate negligence claim.

3. Negligence

"To establish a prima facie case of negligence, [a] plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Finazzo v. Fire Equip. Co.*, 323 Mich. App. 620, 635, 918 N.W.2d 200, 210 (2018).

The possessor of a premises owes invitees a duty to exercise reasonable care "to protect the invitees from an unreasonable risk of harm caused by a dangerous condition on the land." *DeBusscher v. Sam's E., Inc.*, 505 F.3d 475, 479 (6th Cir. 2007). In *Pernell*, the plaintiff alleged that the employee who was escorting her breached his duty when he escorted her through the service bay area. *Pernell*, 2013 WL 1748573, at *5. The plaintiff alleged the employee knew the area could have

dangerous accumulations of fluid because plaintiff's car had been running with its air conditioner on in the path that the employee chose. *Id.* The *Pernell* court noted that the evidence demonstrated that the defendant expected dangerous accumulations of fluids to develop on the service bay area floor, and the defendant conceded that it was sure the liquid on the floor was the dripping air conditioner component of the plaintiff's car. *Id.* at n.1.

Here, Plaintiffs bring similar evidence to establish that questions of fact remain about whether Defendant's employee breached a duty when she was escorting Mrs. Lakin to the restroom. Plaintiffs' amended complaint states that the hostess who guided Mrs. Lakin should have chosen a safer route to the rest room. Dkt. No. 73-1, pg. 9 (Pg. ID 1278). The route chosen by the hostess was narrow, dimly lit, and had high table and chairs around. *Id.* at pg. 4 (Pg. ID 1273). It also states that the hostess negligently ignored or disregarded the spilled water on the floor and failed to warn Mrs. Lakin. *Id.* at pg. 9 (Pg. ID 1278). The night manager of Flemings at the time of Mrs. Lakin's fall testified that it is his guess that people have slipped and fallen, or stumbled, in the bar area before due to spilled substances on the floor. Dkt. No. 153-4, pg. 6 (Pg. ID 3152). He further testified that spills would happen all over the restaurant and there were procedures in place to clean spills up immediately or warn customers about them. Dkt. No. 153-4, pg. 5 (Pg. ID 3151).

Questions of fact remain about whether the hostess knew that the path she chose to lead Mrs. Lakin through was potentially dangerous. This is similar to the reasoning of the *Pernell* court which had evidence that Defendant was aware of the potentially dangerous condition of the aisle. Here, Defendant's night shift manager testified that spills would happen all over the restaurant, as is the nature of a restaurant, and there were procedures in place to clean spills up immediately or warn customers about them. The night shift manager also opined that patrons have fallen or stumbled in the bar area before due to spilled liquids on the floor. Therefore, a reasonable fact finder could conclude that the waitress who escorted Mrs. Lakin breached her duty of due care by leading Mrs. Lakin through a dimly-lit path crowded with furniture which could potentially have liquid spills on the ground. Defendants do not present evidence and the record does not demonstrate that there are no set of facts demonstrating that the waitress who led Mrs. Lakin did not breach her duty. For these reasons, the Court finds that the record contains enough evidence to establish questions of material fact exist regarding breach of duty. Therefore, the Court will deny summary judgment on Count I on Plaintiffs' amended complaint.

4. Premises Liability

Count II of Plaintiffs' amended complaint brings a count of premises liability against Bloomin' Brands and Flemings. Dkt. No. 73-1, pg. 11 (Pg. ID 1280).

Defendants assert that Plaintiffs' claims fail because they cannot prove that Defendants had notice of the alleged spilled water. Dkt. No. 153, pg. 25 (Pg. ID 2943).

The possessor of a premises owes invitees a duty to exercise reasonable care "to protect the invitees from an unreasonable risk of harm caused by a dangerous condition on the land." *DeBusscher v. Sam's E., Inc.*, 505 F.3d 475, 479 (6th Cir. 2007). The duty of a premises possessor does not extend to open and obvious dangers. *Hollerbach v. Target Corp.*, 443 F. App'x 936, 937–38 (6th Cir. 2011). "To establish a *prima facie* case of premises liability, a plaintiff must establish that 1) the defendant owed the plaintiff a duty, 2) the defendant breached that duty, 3) there was an injury proximately resulting from that breach, and 4) there are damages." *Id.* A landowner has the duty to warn an invitee of any known dangers and to make the premises safe. *Id.* at 938. This requires the land possessor to inspect the premises and make any necessary repairs or warn of any hazards.

However, the duty only arises when the landowner has actual or constructive notice of the condition. Constructive notice may arise from the passage of time or from the type of condition involved. *Id.* In general, questions about whether a defect has existed a sufficient length of time and under circumstances that the defendant has notice of is a question of fact. *Id.*

"Where there is no evidence to show that the condition had existed for a considerable time . . . a directed verdict in favor of the storekeeper is proper." *Promo v. Dayton Hudson Corp.*, 113 F.3d 1235 (6th Cir. 1997). A defendant is not liable solely because an accident occurred on the defendant's premises. *Id.*

In *Promo v. Dayton Hudson Corporation*, the Sixth Circuit affirmed the trial court's order granting summary judgment in favor of the defendant. No. 95-2398, 1997 WL 234621, at *2 (6th Cir. May 6, 1997). The plaintiff in this case slipped and fell on a substance in the aisle of a Target store. *Id.* at *1. The court reasoned that the plaintiff did not have any evidence that the defendants established the condition or that it existed for a long period of time. *Id.* at *2. The court's finding was consistent with other case law that has considered this issue. *See Burke v. Dayton Hudson Co.*, 837 F. Supp. 228, 231 (E.D. Mich. 1993) (finding no liability when a patron slipped and fell on translucent salad dressing on the floor of a Hudson's store that would not have been noticed by employees with reasonable inspection).

Here, Plaintiffs are not sure how long the water was on the floor of the restaurant prior to Mrs. Lakin's fall. Dkt. No. 153-2, pg. 64 (Pg. ID 3047). However, according to the night manager of Flemings, "[e]verybody is empowered to inspect everything. And if anybody sees anything, they're supposed to report it to me." Dkt. No. 153-4, pg. 5 (Pg. ID 3151). Further, the night manager testified

that liquid has spilled on the floor of the restaurant and patrons have slipped on spilled liquid at least "a few times" before. *Id.* Based on this evidence, a reasonable fact-finder could conclude that restaurant employees were on notice that water often spills on the floor of the restaurant and should have noticed the spilled water that Mrs. Lakin fell on, unlike the employees in *Burke* who would not have noticed the spilled liquid. Therefore, a fact-finder could reasonably find that Defendants had constructive notice of the water spill. Further, questions about whether a defect has existed a sufficient length of time and under circumstances that the defendant has notice of are generally questions of fact. *Hollerbach v. Target Corp.*, 443 F. App'x 936, 938 (6th Cir. 2011). For these reasons, the Court concludes that questions of fact preclude granting summary judgment in favor of Defendants on Count II of Plaintiffs' amended complaint.

Plaintiffs also argue that Defendants destroyed evidence by wiping up the spill and therefore this Court should presume that the evidence would operate against Defendants. Dkt. No. 172, pg. 26 (Pg. ID 3994). Defendants respond that there is no evidence that its employees' actions in cleaning up the spill indicate fraud or a desire to suppress the truth, so the presumption is not applicable. Dkt. No. 178, pg. 5 (Pg. ID 4538).

A party seeking sanctions based on the destruction of evidence must establish that: (1) the party with control over the evidence had an obligation to preserve it;

(2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim. *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). "An obligation to preserve may arise when a party should have known that the evidence may be relevant to future litigation." *Id.* (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)). "[T]he culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to [breach a duty to preserve it], or negligently." *Id.* (quoting *Residential Funding Corp.*, 306 F.3d 99, 108 (2d Cir. 2002)).

Here, there is no evidence that Defendants had an obligation to preserve the evidence nor evidence of the requisite state of mind. Defendants' employee cleaned up the spill on the ground to avoid others from slipping and/or falling in it. The primary concern of the Defendants in cleaning up the spill was customer safety. *See* Dkt. No. 153-4, pg. 5 (Pg. ID 3151) (night shift manager testifying that restaurant procedures called for cleaning up spills right away to avoid hazardous falls). For these reasons, the Court will not impose sanctions because Defendants cleaned up the spilled water.

For the reasons stated above, the Court will deny summary judgment on Count II of Plaintiffs' amended complaint and will not impose sanctions on Defendant for cleaning up the water that Mrs. Lakin fell on at the Flemings restaurant.

5. Loss of Consortium

Count III of Plaintiffs' amended complaint brings a claim of loss of consortium against Bloomin' Brands and Flemings. Dkt. No. 73-1, pg. 13 (Pg. ID 1282). "A loss of consortium claim includes loss of conjugal fellowship, companionship, services, and all other incidents of the marriage relationship." *Berryman v. K Mart Corp.*, 483 N.W.2d 642, 646 (Mich. Ct. App. 1992). A party claiming loss of consortium must prove damages by a preponderance of the evidence. *Id.*

Here, the Plaintiffs have not proved loss of consortium by a preponderance of the evidence. In his deposition, Mr. Lakin only states that his wife has been bothered since the accident, which in turn bothers him. Dkt. No. 153-5, pg. 37 (Pg. ID 3194). However, he gives no other evidence that lends support to his loss of companionship with his wife since her accident. For this reason, this Court will grant summary judgment in favor of Defendants on Count III of Plaintiffs' amended complaint.

## V. CONCLUSION

For the reasons discussed herein, this Court will grant in part and deny in part Defendants' Motion for Summary Judgment. This Court will deny summary judgment on Counts I and II of Plaintiffs' amended complaint alleging negligence and premises liability. This Court will grant summary judgment on Count III of

Plaintiffs' amended complaint alleging loss of consortium. This Court will not rule on Count IV of Plaintiffs' amended complaint which alleges promissory estoppel so the parties may continue their settlement discussions.

SO ORDERED.

Dated: June 13, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 13, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager