UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C ECILIA L AKIN ,

    Plaintiff,

v.

B LOOMIN ' B RANDS , I NC ., ET AL .,

    Defendants.

Case No. 17-cv-13088

U NITED S TATES D ISTRICT C OURT
J UDGE
G ERSHWIN A. D RAIN

_____/

**<u>OPINION AND ORDER DENYING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT [276]</u>**

**I. I NTRODUCTION**

On July 15, 2019, Plaintiff Cecilia Lakin and Defendants Bloomin' Brands, Inc. and OSI/Flemings, LLC (together, "the Parties") filed a Stipulated Order of Dismissal with Prejudice. ECF No. 274. The Parties previously informed the Court that they entered into an agreement following settlement negotiations. Before the Court is Defendants Bloomin' Brands, Inc. and OSI/Flemings, LLC's Motion to Enforce Settlement, which was filed on July 25, 2019. ECF No. 276. Defendants move this Court to enforce the Parties' alleged settlement agreement that includes a confidentiality clause and also names Mr. Sanford Lakin as a party to the agreement.

For the reasons discussed below, this Court finds that the Parties did not agree to two material terms in the settlement agreement. The Parties, therefore, did not reach a settlement agreement which this Court can enforce.

## II. FACTUAL BACKGROUND

### A. The Lawsuit

This action arises from a slip and fall incident. On March 15, 2016, Plaintiff Mrs. Lakin was dining with her husband, Plaintiff Mr. Lakin, and a friend at Flemings Prime Steakhouse. ECF No. 1, PageID.3. On the way to the bathroom, Mrs. Lakin fell on what was later identified as spilled water on the ground. *Id.* at PageID.4, 6. Mrs. Lakin sustained various back, hip, and buttock injuries that she alleges resulted from the slip and fall. *Id.* at PageID.6.

On September 20, 2017, Mrs. and Mr. Lakin filed their initial complaint against Defendants Bloomin' Brands, Inc. ("Bloomin' Brands"), OSI/Flemings, LLC ("Flemings"), and Gallagher Bassett Services, Inc. ("Gallagher"). ECF No. 1. On September 7, 2018, this Court granted Plaintiffs leave to file an amended complaint in order to add LaTonya Joplin as a defendant. ECF No. 93. Plaintiffs filed their amended complaint on May 24, 2018. ECF No. 73. Count I of the complaint alleged negligence against Defendants Bloomin' Brands and Flemings. ECF No. 73-1. Count II alleged premises liability against Defendants Bloomin' Brands and Flemings. *Id.* In

2

Count III, Mr. Lakin alleged loss of consortium against Defendants Bloomin' Brands and Flemings. *Id.* Count IV alleged promissory estoppel against each of the named Defendants. *Id.*

Defendants Bloomin' Brands and Flemings filed a Motion for Summary Judgment on January 17, 2019. ECF No. 153. Defendants Gallagher and Joplin then filed their Motions for Summary Judgment on January 18, 2019. ECF Nos. 155, 157. While this Court was taking these Motions under consideration, Defendants Gallagher and Joplin settled their claims with Plaintiffs and were accordingly dismissed as Defendants from the case. This Court entered an Order of Dismissal with Prejudice on June 20, 2019. ECF No. 259.

On June 13, 2019, this Court entered an Opinion and Order granting in part and denying in part Defendants Bloomin' Brands and Flemings' (hereinafter, "Defendants") Motion for Summary Judgment. ECF No. 244. The Opinion and Order dismissed Count III—Mr. Lakin's loss of consortium claim—and he was therefore dismissed as a party to the lawsuit. ECF No. 244.

### B. The Parties' Settlement Negotiations

Trial in this matter was set for July 16, 2019. ECF No. 107. Before trial was set to begin, however, the Parties engaged in settlement negotiations

3

and informed the Court that they entered into a settlement agreement. The Parties filed a Stipulated Order of Dismissal With Prejudice on July 15, 2019. ECF No. 274. The order states:

> IT IS HEREBY ORDERED that Plaintiff Cecilia Lakin's claims against Bloomin' Brands Inc and OSI/Flemings LLC dba Flemings Prime Steakhouse are hereby dismissed with prejudice without costs or fees to either party.
>
> IT IS FURTHER ORDERED that this Honorable Court will retain jurisdiction of this matter only for the purposes of enforcing the settlement agreement if necessary and for purposes of deciding Plaintiff's Motion to Strike the Attorney Lien.

*Id.* at PageID.6282.

Defendants filed the present Motion to Enforce Settlement on July 25, 2019. ECF No. 276. Defendants' Motion asserts that Plaintiff materially altered the terms of the settlement agreement to exclude the agreed-upon confidentiality clause and to exclude Mr. Lakin as a party to the agreement. *Id.* Plaintiff responded in opposition to Defendants' Motion on August 7, 2019. ECF No. 281. She argued that she is the only Plaintiff that remains in this case; therefore, Mr. Lakin was not required to sign the settlement agreement. *Id.* Defendants filed a Reply on August 13, 2019. ECF No. 283. This Court held an evidentiary hearing on November 20, 2019.

## III. LEGAL STANDARD

The Sixth Circuit recognizes that district courts have "broad, inherent authority and equitable power" to enforce settlement agreements. *Bostick Foundry Co. v. Lindberg, a Div. of Sola Basic Indus., Inc.*, 797 F.2d 280, 282–83 (6th Cir. 1986). To enforce a settlement, a district court must find that the parties have reached an agreement on all material terms of the settlement. *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001). The agreement is not required to be in writing as long as the parties have agreed on the material terms. *Id.* An evidentiary hearing is usually required when the parties dispute material facts to the agreement. *Id.* An evidentiary hearing is not required, though, if an agreement is "clear and unambiguous and no issue of fact is present." *Id.*

A settlement agreement is governed by the principles of contract law. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992); *see also Skidmore v. Citimortgage, Inc.*, 2014 U.S. Dist. LEXIS 43857, at *6 (E.D. Mich. Mar. 31, 2014). A district court must look to the law of the state in order to determine whether a valid contract was formed between the parties. *Bamerilease*, 958 F.2d at 152.

Under Michigan law, "a contract requires mutual assent or a meeting of the minds on all the essential terms." *Kloian v. Domino's Pizza, LLC*, 273

5

Mich. App. 766, 770 (Mich. Ct. App. 2006). In order to form a contract, there must be an offer and acceptance. *Id.*; *see also Pakideh v. Franklin Commercial Mortgage Group, Inc.*, 213 Mich. App. 636, 640 (Mich. Ct. App. 1995) (internal citation omitted). "Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed." *Kloian*, 273 Mich. App. at 770. A sufficient acceptance in a contract exists where "the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *Powell Prod., Inc. v. Jackhill Oil Co.*, 250 Mich. App. 89, 96–97 (Mich. Ct. App. 2002). Whether an offer has been accepted and a contract has been formed involves a factual determination. *Id.* at 97.

## IV. Discussion

### A. Confidentiality Clause

Defendants contend that the Parties agreed to a confidentially clause in the "binding contract and binding settlement." ECF No. 276, PageID.6328. Plaintiff asserts that the Parties did not have an agreement to non-disclosure. ECF No. 281, PageID.6382.

Defendants advance their argument in their Motion to Enforce Settlement (ECF No. 276) and during the evidentiary hearing on November

20, 2019. In both instances, they rely on their July 2019 correspondence to Plaintiff's counsel Mr. Mark Teicher to demonstrate their alleged agreement to a confidential settlement. At the evidentiary hearing, Defendants purported that Mr. Teicher never indicated any issues with the confidentiality clause during their settlement negotiations. Mr. Teicher, rather, only objected to the $50,000 monetary term of the agreement.

In their Motion, Defendants submit three email exchanges between their counsel Ms. Stephanie Burnstein and Mr. Teicher. ECF No. 276-1. First, on July 8, 2019, Mr. Teicher emailed Ms. Burnstein to confirm a term of the settlement agreement. *Id.* The email reads, "Wanted to confirm: XXX."[1] *Id.* at PageID.6333. Ms. Burnstein replied one minute later, "Yes. With a dismissal with prejudice and confidentiality." *Id.* Defendants' email submission suggests that Defendants wanted a confidentiality clause in the settlement agreement.

Second, Defendants rely on an email from July 20, 2019 to demonstrate that Mr. Teicher never objected to the proposed release. ECF No. 276-2. Mr. Teicher never responded to this email from Ms. Burnstein, which requested

---

[1] The substance of the email after the colon was blacked out and is not visible to the Court, presumably for confidentiality reasons.

7

Mr. Teicher to have his "client execute the release as soon as possible" and to provide payment instructions. *Id.* at PageID.6335.

Third and finally, Defendants submit an email form July 22, 2019 to further demonstrate the settlement agreement's inclusion of a confidentiality clause. In this correspondence, Ms. Burnstein addresses Mr. Teicher's "unilateral changes" after receiving the release in an enclosed envelope. ECF No. 276-4, PageID.6341. Additionally, Ms. Burnstein explains in the email that these changes are "not acceptable" since "confidentiality was part of the agreement." *Id.*

Defendants cite to *Kloian v. Domino's Pizza LLC* in their Motion to support their argument that this email correspondence can constitute a "binding and enforceable settlement agreement." ECF No. 276, PageID.6328. In *Kloian*, both parties participated in email correspondence. There, plaintiff's attorney sent a proposed settlement agreement to defendant's attorney. *Kloian v. Domino's Pizza LLC*, 273 Mich. App. 449, 454 (Mich. Ct. App. 2006). Defendant's attorney then responded to plaintiff's offer, expressing the "intent to be bound by plaintiff's offer and all the legal consequences from the offer." *Id.* The Michigan Court of Appeals added that defendant's attorney also offered to draft a settlement agreement to "reflect the terms of plaintiff's offer" before concluding that "[t]here *clearly was a*

*meeting of the minds* on the essential terms of the agreement." *Id.* (emphasis added).

In the instant matter, unlike the parties in *Kloian*, the Parties do not demonstrate a clear meeting of the minds on the essential term of confidentiality. Defendants' exhibits fail to establish Mr. Teicher agreed to the confidentially clause since he did not respond to Ms. Burnstein's three emails. "[A]n acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *Blackburne & Brown Mortgage Co. v. Ziomek*, 264 Mich. App. 615, 626–27 (Mich. Ct. App. 2004) (internal citation omitted). Here, Mr. Teicher's lack of response to Defendants' counsel cannot establish an intent to be bound by their offer. At the evidentiary hearing, Mr. Techicer testified to only discussing an indemnity clause during settlement negotiations; he stated that Ms. Burnstein's email from July 8, 2019 (ECF No. 276-1) was the first instance he heard of the proposed confidentiality term. Defendants' email correspondence alone does not establish a meeting of the minds on this issue.

In addition to the email correspondence, Defendants offer a sworn affidavit from Defendants' counsel Mr. David Yates as evidence of the

Parties' agreement on the confidentiality clause. *See* ECF No. 283-1. Mr. Yates states that Mr. Teicher advised him during a phone call from July 9, 2019 that "his clients, Mr. and Mrs. Lakin, would agree to accept [Defendants' client's] confidential settlement offer." *Id.* at PageID.6594. Further, Mr. Yates "reiterated that the settlement agreement was confidential" during this phone call. *Id.*

Mr. Teicher, however, denied any discussion of the confidentiality clause at the evidentiary hearing. He explained that the only term discussed with Defendants' counsel during settlement negotiations was an indemnity clause for any liens. Mr. Teicher testified that there was no consideration for Defendants' proposed confidentiality clause; this material term, rather, was allegedly "added" to the settlement agreement.

Further, Mr. Teicher annotated the proposed settlement agreement by writing "REJECTED 18 JULY 2019" next to the confidentiality language. *See* ECF No. 276-1, PageID.6338. This written rejection demonstrates a lack of intent to be bound by Defendants' proposed offer.

After reviewing the Parties' arguments and the evidence submitted by the Parties to support their contentions, this Court finds that the Parties remain in dispute over the confidentiality clause—a material term to the settlement

agreement. This Court cannot enforce the purported settlement agreement because the Parties did not reach agreement on this material term.

### B. Mr. Lakin's Signature

This Court must next determine the whether the Parties agreed to a resolution of all claims by Plaintiffs Mrs. *and* Mr. Lakin in the purported settlement agreement. Defendants allege that the settlement agreement, in addition to the confidentiality clause, included a "resolution of all claims by all Plaintiffs." ECF No. 276, PageID.6328. Plaintiff asserts, however, that the release can only apply to Mrs. Lakin—not both Mrs. and Mr. Lakin. ECF No. 281, PageID.6384.

Defendants allege that they presented the settlement offer to both Mrs. and Mr. Lakin on July 8, 2019. In their Motion, they explain that while Mr. Lakin's loss of consortium claim was dismissed by this Court, "the offer for resolution was for all asserted claims to ensure no appeals could be or would be filed to allow the Defendants to fully close this matter." ECF No. 276, PageID.6322. At the evidentiary hearing, Ms. Burnstein testified that she drafted the release for Plaintiffs Mrs. and Mr. Lakin. Further, in Defendants' Reply to the Motion, Mr. Yates states that he reiterated to Mr. Teicher on July 9, 2019 that the settlement agreement included a "release of all claims by all parties." ECF No. 283-1, PageID.6594.

11

Plaintiff argues that "there was no agreement as to non-party Sanford Lakin." ECF No. 281, PageID.6381. Plaintiff explains that Mr. Lakin has not been a party to the instant matter since June 2019, when this Court granted in part Defendants' Motion for Summary Judgment. *See* ECF No. 244. Further, Plaintiff submits the Stipulated Order of Dismissal With Prejudice as evidence of the settlement agreement applying only to Mrs. Lakin. *See* ECF No. 281-3. The Order, which was drafted by Defendants, only mentions "Plaintiff Cecilia Lakin's claims." *Id.* at PageID.6406.

At the evidentiary hearing, Mr. Teicher emphasized that Defendants' proposed settlement agreement incorporates language which indicates a singular plaintiff, including the words "I" and "my." Additionally, Mr. Teicher testified that at the time of settlement negotiations with Defendants, he only represented Mrs. Lakin in the instant matter; Mr. Lakin hired a different attorney to represent him on his appeal to the Sixth Circuit. Mr. Teicher, therefore, did not have the authority to settle any claims on Mr. Lakin's behalf.

When Mr. Teicher dropped off the proposed settlement agreement to Defendants, the release only included Mrs. Lakin's signature. There was no mutual assent to the release applying to Mrs. and Mr. Lakin, a party who was previously dismissed from the instant action. Accordingly, for the above-

stated reasons, and similar to this Court's conclusion for the confidentiality clause, this Court finds that the Parties did not agree to the scope of the release. The Court therefore cannot enforce the purported settlement agreement because the Parties did not reach agreement on all non-monetary material terms.

## V. Conclusion

For the reasons discussed herein, this Court concludes that the Parties did not reach agreement on two critical, material terms—a confidentiality clause and the naming of Mr. Lakin as an additional party to the release. Accordingly, the Court cannot issue an order to enforce the settlement agreement as requested by Defendants in this matter.

Therefore, IT IS HEREBY ORDERED that Defendants' Motion to Enforce Settlement [#276] is DENIED.

IT IS FURTHER ORDERED that the Parties shall comply with the following amended scheduling order:

| **YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES** | |
| --- | --- |
| Revised Final Pretrial Order and Motions *in Limine* due: | December 6, 2019 |
| Final Pretrial Conference Date: | December 13, 2019 at 11:00 a.m. |
| Hearing on Motions *in Liminie* (if necessary): | December 30, 2019 at 2:00 p.m. |

| Revised Proposed Voir Dire, Exhibits, and Jury Instructions due: | December 30, 2019 at 12:00 p.m. |
|---|---|
| Trial Date: | January 7, 2020 at 9:00 a.m. |

SO ORDERED.

Dated: December 2, 2019

/s/Gershwin A. Drain
HON. GERSWHIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 2, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager